IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY CULVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-CV-729-MHT-CSC |
| | ) | [WO] |
| JASON SMOAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Gary Culver filed this 42 U.S.C. § 1983 action on November 1, 2021. On November 8, 2021, the Court entered an Order granting Plaintiff leave to proceed *in forma pauperis* and an Order of Procedure. Docs. 3, 4. The Order of Procedure directed Defendants to file an Answer and Written Report and also directed Plaintiff to "immediately inform the Court and Defendants or Defendants' counsel of record of any change in his address." Doc. 4 at 3, ¶8. The Order also advised Plaintiff that "[f]ailure to provide a correct address to this Court within ten (10) days **following** any change of address will result in the dismissal of this action." *Id*.

On November 29, 2021, Plaintiff's copies of the November 8, 2021, Orders were returned to the Court marked as undeliverable because Plaintiff is no longer housed at the last service address he provided. Accordingly, the Court entered an Order on December 1, 2021, requiring that by December 13, 2021, Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 11. This Order specifically advised Plaintiff this case could not proceed

if his whereabouts remained unknown and cautioned him his failure to comply with the directives of the December 1 Order would result in the dismissal of this case. *Id*. Plaintiff's copy of the December 1, 2021, Order was returned to the Court on December 13, 2021, marked as undeliverable.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to file a response in compliance with the Court's December 1, 2021, Order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that objections to the Recommendation must be filed **by January 3, 2022**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objection to the proposed findings and recommendations in the Magistrate Judge's

report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 17th day of December 2021.

      /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE